WO                IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

NICHOLE MORALES,
                         Plaintiff,

vs.

USAA GENERAL INDEMNITY CO.,
                         Defendant.

No. 3:23-cv-0237-HRH

O R D E R

Motion to Bifurcate and Stay Discovery[1]

Defendant moves pursuant to Rules 42(b) and 21,[2] Federal Rules of Civil Procedure, for an order bifurcating plaintiff's breach of contract (bad faith) claim from her under-insured motorist (UIM) claim against defendant USAA and to stay contract/bad faith discovery until the UIM claim is resolved. The motion is opposed[3] and defendant has replied.[4] Oral argument has not been requested and is not deemed necessary.

Plaintiff expressly "does not oppose a request to bifurcate a single trial into two phases, the first phase to determine the extent of the UIM BI [bodily injury] damage, and the second to determine bad faith."[5] The court recognizes that a single, unified trial of

---

[1]Docket No. 12.

[2]This is not a case of misjoinder or non-joinder of parties, nor has defendant suggested that plaintiff's claims should be severed.

[3]Docket No. 15.

[4]Docket No. 17.

[5]Opposition to Motion to Bifurcate and Stay Discovery at 1, Docket No. 15.

ORDER – Motion to Bifurcate and Stay Discovery                     - 1 -

plaintiff's UIM and bad faith claims would present a jury with a needlessly complex set of issues to resolve. Bifurcating trial of plaintiff's claims will avoid unfair prejudice to plaintiff's UIM claim which could flow from a unified trial of plaintiff's claims.

Defendant's motion to bifurcate trial of plaintiff's UIM claim and plaintiff's bad faith claim is granted.

Plaintiff does oppose a stay of discovery on her bad faith claim. Defendant in substance seeks the bifurcation of discovery. "'With respect to ... discovery ... the moving party has the 'burden of proving that bifurcation will promote judicial economy and avoid inconvenience or prejudice to the parties.'" Clark v. I.R.S., 772 F.Supp.2d 1265, 1269 (D. Hawaii 2009) (quoting Spectra-Physics Lasers, Inc. v. Uniphase Corp., 144 F.R.D. 99, 101 (N.D. Cal. 1992).

Requiring defendant to proceed with discovery as to both of plaintiff's claims will not result in unfair prejudice to defendant. As Chief Judge Gleason has recognized in Thogmartin v. State Farm Mutual Automobile Ins. Co., No. 3:19-cv-0252, at 10-11, denial of an insurer's request to stay bad faith discovery is consistent with the "natural consequence of the parties' unique relationship and of Defendant's reliance on courts to resolve disputed UIM claims." Id. at 11. In other words, even though trial of plaintiff's claims will be bifurcated, the insurer-insured relationship of plaintiff and defendant entitles plaintiff in a case such as this to know how defendant evaluated plaintiff's UIM claim even though trial of that claim will be bifurcated from plaintiff's bad faith claim. Unfair prejudice to defendant will be avoided even though discovery as to both the UIM and bad faith claims will proceed simultaneously and as part of Phase 1 of the case by precluding plaintiff from offering any bad faith evidence as a part of the trial of Phase 1, the UIM claim.

ORDER – Motion to Bifurcate and Stay Discovery                                                                 - 2 -

Case 3:23-cv-00237-HRH   Document 18   Filed 06/06/24   Page 2 of 3

Requiring defendant to proceed with discovery as to both of plaintiff's claims will promote judicial economy. A single jury will hear both plaintiff's UIM claim and, if necessary, plaintiff's bad faith claim. The parties and the court will be spared the time and expense associated with calling a second jury, qualifying a second jury, and educating a second jury for purposes of Phase 2 of the trial of this case. As defendant argues, deferring discovery as to plaintiff's bad faith claim until after the conclusion of Phase 1 might, under some circumstances, save the parties from the expense of discovery as to the bad faith claim. Whether and when this case might settle is unknown and is unknowable. The court is unpersuaded that deferring discovery as to plaintiff's bad faith claim will be more efficient for the parties or the court than proceeding with that discovery now with the certain knowledge that use of two juries will not be required.

Defendant's motion to stay discovery until after plaintiff's UIM claim has been decided is denied.

## Conclusion

Defendant's motion to bifurcate and stay discovery is granted in part and denied in part. Defendant's motion to bifurcate trial is granted. The motion to stay discovery as to plaintiff's bad faith claim is denied. Discovery as to plaintiff's bad faith claim shall proceed at the same time as discovery on plaintiff's UIM claim. However, at a trial of the UIM claim, none of plaintiff's bad faith evidence will be admitted. After resolution of the UIM claim, plaintiff's bad faith claim will be tried, if necessary, to the same jury that heard plaintiff's UIM claim.

DATED at Anchorage, Alaska, this  6th  day of June, 2024.

/s/ H. Russel Holland
United States District Judge